IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **DJHN INVESTMENT LLC,**<br>Plaintiff,<br><br>vs.<br><br>**ACCELERANT SPECIALTY INSURANCE COMPANY,**<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 7:25-cv-365 |

**PLAINTIFF'S ORIGINAL PETITION**
**JURY TRIAL DEMANDED**

Plaintiff, DJHN INVESTMENT LLC("DJHN" or "Plaintiff"), and file this, its Original Petition, and for causes of action against ACCELERANT SPECIALTY INSURANCE COMPANY ("Accelerant" or "Defendant"), would show unto the Court and the jury the following:

**PARTIES AND SERVICE OF PROCESS**

1. Plaintiff owns the property located at 2606 N Loop 250 W, Midland, TX 79707 that is the subject of this lawsuit.

2. Plaintiff's member, Jayantkumar B Patel, is a natural person of full age and majority and is domiciled in the State of Texas.

3. Plaintiff's member, Ridhdhi Shah, is a natural person of full age and majority and is domiciled in the State of Texas.

4. Plaintiff's member, Daxaben Patel, is a natural person of full age and majority and is domiciled in the State of Texas.

5. Plaintiff's member, Vanitaben N. Prajapati, is a natural person of full age and majority and is domiciled in the State of Texas.

6. Plaintiff's member, Jesal Kothawala, is a natural person of full age and majority and is domiciled in the State of Texas.

7. Plaintiff's member, Niren Patel, is a natural person of full age and majority and is domiciled in the State of Texas.

8. Plaintiff's member, Ila Kothawala, is a natural person of full age and majority and is domiciled in the State of Texas.

9. Defendant is an insurance company incorporated and domiciled in the State of Arkansas. Defendant is registered to engage in the business of insurance in the State of Texas and may be served with personal service by a process server, by serving its Registered Agent for Service, CT Corporation System 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## STATUTORY AUTHORITY

10. This suit brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq*., 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## VENUE AND JURISDICTION

11. This Court has jurisdiction over the subject matter in this case pursuant to 28 U.S.C. § 1332. The minimal jurisdictional amount established for filing the action has been satisfied.

12. This Court has personal jurisdiction over the parties.

13. Venue is proper in this District and Division under 28 U.S.C.A. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division, and a substantial part of the property that is the subject of this action is situated in this District and Division.

## NOTICE AND CONDITIONS PRECEDENT

14. Plaintiff provided written notice to Defendant of the claims made in this Petition, including a statement of Plaintiff's actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.

15. All conditions precedent necessary to maintain this action and to maintain the claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTUAL BACKGROUND

16. On or about May 30, 2024, Plaintiff's insured property sustained a covered loss due to damages sustained from a wind, rain and hailstorm.

17. Plaintiff submitted a claim to Defendant, pursuant to the contract of insurance, for damages to the property. Plaintiff asked Defendant to honor its contractual obligations and cover the cost of repairs to the property.

18. Defendant accepted Plaintiff's claim and assigned a claim number of 1.73662.

19. Defendant completed a results oriented, unreasonable inspection, chose not to document all the covered damages to the property, ignored facts supporting coverage and improperly undervalued Plaintiff damages.

20. Plaintiff did not and do not agree with Defendant's assessments of the damages to the property.

21. Plaintiff provided Defendant with documentation and an estimate of the cost to repair the covered losses.

22. Defendant failed to issue payment for all of Plaintiff's losses despite Plaintiff providing proof of the actual amount repairs would cost.

23. Defendant chose to rely upon an inaccurate, unreasonable and results-oriented report to undervalue Plaintiff's damages.

24. Defendant chose to withhold its contractual obligation to perform a prompt, full and fair claim investigation.

25. Defendant chose to simply only rely on the portions of its adjuster's reports supporting the results-oriented investigation and coverage decision undervaluing Plaintiffs claim.

**CAUSES OF ACTION AGAINST DEFENDANT**
**COUNT I - BREACH OF CONTRACT**

26. Each of the foregoing paragraphs is incorporated by reference as if fully set forth herein.

27. Plaintiff and Defendant executed a valid and enforceable written insurance contract providing insurance coverage to the insured location.

28. The policy provides coverage for the damages Plaintiff sustained.

29. The damages and losses to Plaintiff's property were caused by the direct result of a peril for which Defendant insured the Plaintiff.

30. Defendant sold the subject insurance policy to Plaintiff insuring the subject insured properties in its "as is" condition.

31. Plaintiff suffered a significant property loss and incurred additional expenses as a result of the damage.

32. Plaintiff submitted a claim to Defendant pursuant to the contract of insurance for these covered damages.

33. Plaintiff provided Defendant with proper notice of damage to the exterior and interior of the subject insured property.

34. Defendant appears to have ignored the information Plaintiffs provided and chose to rely solely on its own investigation.

35. Defendant by and through its adjusters and representatives chose not to properly evaluate the damages resulting from the covered cause of loss.

36. Defendant by and through its adjusters and representatives chose not to retain the appropriate experts or consultants to evaluate the damage and cause thereof related to the subject property.

37. Defendant by and through its adjusters and representatives have chosen to withhold proper payment for the damages to Plaintiffs property.

38. Defendant, acting through its agents, servants, representatives and employees chose not to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further chosen not to deal fairly with Plaintiff.

39. Defendant chose to ignore and refused to properly investigate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

40. Defendant continues to be in breach of the contract.

41. Defendant ignored the actual cause and extent of Plaintiff's damages during the handling of the claim and did not make proper payment to indemnify Plaintiff for the full amount of the covered damages.

42. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the insured property, resulting in additional damages.

## **COUNT II - VIOLATIONS OF THE TEXAS UNFAIR COMPENSATION AND UNFAIR PRACTICES ACT**

43. Each of the foregoing paragraphs is incorporated by reference as if fully set forth herein.

44. Defendant is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

45. Defendant's conduct constitutes multiple violations of the *Texas Unfair Settlement Practices Act,* Tex. Ins. Code. Sec. 541.060 et seq*:*

1. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

a. Defendant through its agents, employees, or consultants chose not to request its employees, agents, or consultants to perform proper testing of the building components at the subject insured property in order to properly evaluate the extent and value of damages.

b. Defendant through its agents, employees, or consultants chose not to request its employees, agents, or consultants to obtain a second opinion to confirm the extent and value of damages to the subject property.

46. Defendant misrepresented the insurance policy to the Plaintiff and is in violation of Tex. Ins. Code Sec. 541.061 et seq:

(1) making an untrue statement of material fact; Defendant through its agents, employees, or consultants prepared a damage estimate or proof of loss that was misleading as to the value of damages to the subject property.

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; Defendant through its agents, employees, or consultants chose not to advise Plaintiff that it chose not to perform proper testing in order to more accurately investigate and evaluate the damages.

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; Defendant through its agents, employees, or consultants advised Plaintiff that it had fully investigated and evaluated the damages to the

subject property, misleading the Plaintiff that a proper and complete investigation had been performed.

(4) Defendant's unfair settlement practice in choosing not to conduct a proper and thorough evaluation, choosing not to perform adequate testing of building components to more accurate investigate and evaluate the damages, choosing not to advise Plaintiff that it had not performed proper testing of the building components and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate or proof of loss resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

47. Each of the foregoing paragraphs is incorporated by reference as if fully set forth herein.

48. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

49. Specifically, Defendant chose not to timely conduct a proper investigation of the damages to the subject property, resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

50. Defendant's failure to give adequate consideration to Plaintiff's damages and failure to re-inspect the subject property to re-evaluate its initial findings regarding its investigation and evaluation of damages to the subject property resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

51. Defendant chose not to properly investigate Plaintiff's claim.

52. Defendant had proper access to the information needed to make proper and timely payment but chose to ignore the information.

53. To date, Defendant chooses to ignore available information and thereby chooses not to make proper and timely payment on Plaintiff's insurance claim.

**COUNT IV - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING**

54. Each of the foregoing paragraphs is incorporation by reference as if fully set forth herein.

55. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

56. Defendant chose not to conduct a proper and thorough evaluation, choosing to not perform adequate testing to more accurately investigate and evaluate the damages, choosing not to advise Plaintiff that it had not performed proper testing and had not properly investigated and evaluated the damages, and preparing a misleading and inaccurate proof of loss or damage estimate.

57. Defendant's choices, as described above, not to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

**KNOWLEDGE AND INTENT**

58. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AND PRAYER

59. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein complains of Defendant's acts and omissions and prays, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

60. Plaintiff would show the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages Plaintiff sustained.

61. Due to Defendant's breach of the contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

62. For noncompliance with the Texas Unfair Competition and Unfair Practices Act by Defendant, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its actual damages, Pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

63. For noncompliance with *Texas Prompt Payment of Claims Act* by Defendant, Plaintiff is entitled to the amount of its claims, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, Pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

64. For violation of the Common Law Duty of Good Faith and Fair Dealing by Defendant, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

**JURY DEMAND**

65. Plaintiff respectfully demands a trial by jury.

PANDIT LAW FIRM, LLC

/s/Seth Kerr__________
PHILLIP SANOV, ESQUIRE
Texas Bar No. 17635950
SETH KERR, EQUIRE
Texas Bar No. 3886859
16225 Park Ten Place, Suite 500
Houston, TX 77084
Phone: 832-895-6080
Fax:
Primary Email: skerr@panditlaw.com
Secondary Email: psanov@panditlaw.com
mvaughan@panditlaw.com
Attorney for Plaintiff